## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**SHARMEISE CHURCH**                                                                      **PLAINTIFF**

**V.**                                                          **CAUSE NO. 3:10-CV-00636-CWR-LRA**

**NATIONWIDE INSURANCE COMPANY**                                              **DEFENDANT**

## ORDER DENYING MOTION TO REMAND

The above-styled matter is before the Court on Plaintiff Sharmeise Church's Motion to Remand [Docket No. 7]. After a review of the parties' briefs, pleadings, and governing authority, the Court concludes that the motion should be denied.

Sharmeise Church (hereinafter "Church") is a resident of Jackson, Miss., whose 2008 Ford Expedition was stolen on December 13, 2009. On that same day, Church reported the theft to local police and to her insurance carrier, Nationwide Insurance Company (hereinafter "Nationwide"), a corporation with its principal place of business in Ohio. Complaint [Docket No. 1-1] at 1-2; Notice of Removal [Docket No. 1] at 2. Nationwide declined to pay Church's claim. Authorities recovered the vehicle in March 2010 in Poplarville, Miss. Complaint at 2.

According to a Complaint filed by Church in Hinds County Court on September 22, 2010, Nationwide's decision amounted to a breach of contract that caused her to suffer damages, including storage fees that she paid to receive the stolen vehicle, the loss of value to the stolen vehicle, and the cost of a separate automobile, which she purchased to replace the stolen one. Additionally, Church seeks damages for emotional distress, attorney's fees, and also states a claim for punitive damages. Complaint at 2-3.

However, Church's Complaint did not assign specific dollar values to any of her claims.

According to Nationwide, it did not become aware that her claim exceeds $75,000 until October 20, 2010, when Church responded to Nationwide's First Set of Requests for Admissions and denied that the amount in controversy is less than $75,000. Responses to Defendant's Request for Admissions [Docket No. 1-1] at 29. On November 2, 2010, Nationwide removed the case to the U.S. District Court for the Southern District of Mississippi. Notice of Removal [Docket No. 1].

On November 10, 2010, Church moved the Court to remand the matter back to state court. In Church's view, the request for compensatory damages, attorney's fees, and punitive damages made the Complaint an "obvious" claim for more than $75,000. Plaintiff's Memorandum in Support [Docket No. 8] at 1. According to Church, "[t]here can be no question but that it is 'facially apparent' that the Plaintiff is 'likely' seeking damages in excess of $75,000.00 at the time of service of the Complaint." Plaintiff's Rebuttal in Support of Motion to Remand [Docket No. 11] at 1.

Generally speaking, Title 28, Section 1441 of the United States Code permits a party to remove a state-court case to federal court when the matter could have been brought in federal court originally. Typically, under Title 28, Section 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b).

Nationwide claims that the case at bar satisfies Title 28, Section 1332 of the United States Code, which grants district courts with original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). According to Nationwide, its principal place of business is Ohio, and therefore, it is an Ohio resident for purposes of the question of diversity. Church does not dispute the fact, and because Church is a Mississippi resident, complete diversity exists between the parties. Moreover, Church and Nationwide agree that the matter in controversy exceeds $75,000. Therefore, Section 1332 is satisfied.

The only remaining question, then, is whether Nationwide timely removed the case.

Courts universally acknowledge that "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted). However, the principle is not altogether inflexible; it recognizes that cases are organic and evolve with time. Under federal law,

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. 1446(b) (emphasis added).

The question, then, is whether Church's admission marked the first occasion on which federal jurisdiction first became ascertainable. When a complaint does not explicitly state an amount in controversy, a district court must determine whether an amount in controversy above the jurisdictional minimum is "facially apparent." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). To put it another way, "the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy [i]s likely to exceed [$75,000]." *Id.* "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to

justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

Nationwide argues that it could not have been expected to ascertain an amount in controversy in excess of $75,000 until Church admitted the same on October 20, 2010. Church counters that the Complaint made that fact "obvious" because it sought compensatory damages regarding an automobile, damages stemming from an infliction of emotional distress, punitive damages, and attorney's fees. Church's position is that "there can be no question that from the allegations of the Complaint . . . it is facially apparent that the damages would 'likely' be concluded to be in excess of $75,000.00." Pl. Rebuttal at 2.

As the facts of the case at bar demonstrate, that position presents a problem for defendants. Although the authority to remove cases to federal court is to be narrowly construed, it nevertheless creates a definite right. As the Fifth Circuit observed more than a half-century ago:

> This nation has historically been most solicitous of its citizens' welfare and its courts exist as much for the adjudication of its citizens' controversies as for the enforcement of its laws. Particularly is that true with respect to the diversity jurisdiction of the federal courts, for that jurisdiction was established because of the desire to insure a competent and impartial tribunal for citizens of different states.

*Burt v. Isthmus Development Co.*, 218 F.2d 353, 356 (5th Cir. 1955).

In the case at bar, one would have a hard time imagining Nationwide doing anything more than it did to ascertain the specific amount in controversy. Just three weeks after Church filed the Complaint, Nationwide served its Request for Admissions, and less than two weeks after receiving Church's denial that the amount in controversy was less than $75,000, Nationwide removed the case. If, as a matter of law, a plaintiff may state a claim for more than $75,000 merely by recording a prayer for compensatory damages, punitive damages, and

attorney's fees, then one would not need to strain the imagination to envision circumstances wherein a plaintiff could utter such a prayer and then "hide the ball" on assigning the claim's specific value long enough to run out the 30-day clock governing removal. Such an outcome hardly seems consistent with Section 1332's establishment of a definite right.

And although Fifth Circuit precedent on the question is not crystal clear, what guidance can be gleaned supports Nationwide's position. In *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992), the Fifth Circuit "adopt[ed] a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Id.* at 163. Later, in *Bosky v. Kroger Texas, LP*, 288 F.3d 208 (5th Cir. 2002), the Court held that

> the "affirmatively reveals on its face" standard does not apply to the second paragraph of section 1446(b),[1] but rather the information supporting removal in a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the second paragraph of section 1446(b).

*Id.* at 211.

The district courts of this Circuit have struggled for nearly 10 years to determine whether *Bosky* abrogated or even overruled *Chapman* – or, given the fact that both decisions emanated from three-judge panels, whether either theory is at all possible. *See Grooms v. Saint*, 2010 WL 5027167, *3 (N.D. Miss. 2010) (recounting cases that have struggled to balance *Chapman* and *Bosky*). *See also Capturion Network, LLC v. Daktronics, Inc.*, 2009 WL 1515026, *3 (S.D. Miss. 2009) (providing extensive analysis of the varying views taken by Courts within this circuit on

---

[1] The second paragraph of Section 1446(b) is quoted, in relevant part, *supra* on page 3.

whether to follow *Chapman* or *Bosky*). But this Court need not lead the case at bar into that fray because, under either standard, Nationwide carries the day. Obviously, Church did not "place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 163. Likewise, Church's allegations are not of such a character as to render her Complaint "unequivocally clear and certain" to pursue damages in excess of the jurisdictional minimum. *Bosky*, 288 F.3d at 211.

Centrally, Church contends that Nationwide breached a contractual duty that left her without an automobile for several months, during which time she accrued damages. Such an averment, in and of itself, does not cry out for compensation in an amount which exceeds the removal jurisdiction trigger.[2] In time, she may yet be able to convince a jury that such a recovery is appropriate, but an argument of greater specificity than that contained in the Complaint will be needed to do so.

The Court agrees, then, that the first occasion on which Nationwide could have ascertained that the case is one which is or had become removable was October 20, 2010, when Church responded to Nationwide's First Set of Requests for Admissions and denied that the amount in controversy is less than $75,000. Nationwide's removal within 30 days thereafter was timely under Section 1446(b).

---

[2] One must ask the question of whether the allegations asserted in this Complaint would cause Defendant to be on notice that Plaintiff is seeking more than $75,000. Plaintiff simply alleged that her 2008 Ford Expedition was stolen in December 2009. She made a claim under her insurance policy, and Nationwide's refusal to pay constituted, in Church's view, a breach of contract. The vehicle, however, was recovered three months later and returned to Plaintiff. If Plaintiff wanted to make certain that Defendants were on notice that she was seeking more than $75,000, then she simply could have demanded an amount greater than $75,000. Here, there is no physical injury, and there is no pain and suffering tied to a physical injury. Church's actual damages certainly do not approach the jurisdictional limit. Even if punitive damages are considered, there is a question as to whether, on the face of the Complaint, the jurisdictional amount is met. *See Munro v. Golden Rule Ins. Co.*, 393 F.3d 720, 721 (7th Cir. 2004) (noting that the United States Supreme Court has imposed constitutional limits on punitive damages in "simple economic-loss cases, such as nonpayment of insurance").

Therefore, Church's Motion to Remand [Docket No. 7] is denied.

SO ORDERED this Twenty-Sixth day of May 2011.


  /s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

7